# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 2:16-cr-017
                                               Also Case No. 2:22-cv-0151

                                               District Judge Michael H. Watson
-   vs  -                                      Magistrate Judge Michael R. Merz

OSCAR M. COLLADO-RIVERA.,

        Defendants.      :

## REPORT AND RECOMMENDATION

      This is a proceeding under 28 U.S.C. § 2255, brought *pro se* by Defendant Oscar M. Collado-Rivera, to obtain relief from his conviction in this Court on one count of conspiracy to possess with intent to distribute cocaine.

      Defendant filed the § 2255 Motion on January 13, 2022 (ECF No. 488).  A week later Magistrate Judge Chelsey M. Vascura, to whom this case was initially referred, ordered the United States to answer the Motion within twenty-one days (ECF No. 489).  Before an answer was filed, however, Defendant sought and received leave to amend the Motion to Vacate (ECF Nos. 490 & 493).  He then filed the Amended Motion on February 24, 2022 (ECF No. 494).  Judge Vascura re-set the Government's response date to April 23, 2022 (ECF No. 493).

1

Although Defendant did file an Amended Motion, it appears from examination that the Government responded instead to the original Motion or some other filing by Defendant. At the outset of the Argument section of its Response, it states: "The Petitioner's Ineffective Assistance of Counsel and Prosecutorial Misconduct Claims A, B, C, D, E, F, G, H, I, and J, Should Be Rejected." (ECF No. 500, PageID 2999). The Response then purports to quote as Claim A: "A. Petitioner's Claim That Agents Were "Lying" On All Arrest, Search, and Tracker Warrants is Wholly Based on Speculation." The Response references this claim as being made at page 7 of Defendant's Memorandum in Support. The Court cannot find any such language at the referenced page, which is PageID 2701.

Nevertheless, Defendant has responded in his Reply to each of the Government's arguments as they are stated in its Response as if they accurately reflected his own claims in the case. This Report will analyze the claims as they are thus presented since the parties seem to agree at this point on what Defendant is claiming.

**Claim A: Falsified Affidavits in Support of Search Warrants**

In his first claim for relief, Collado-Rivera asserts that his trial attorney provided ineffective assistance of trial counsel when he failed to move for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978)(ECF No. 494, PageID 2696, *et seq*.). The Government responds that Collado-Rivera's claim that search warrant affiants were pervasively lying is based entirely on speculation and therefore he was not prejudiced by lack of a *Franks* hearing (Response, ECF No. 500, PageID 2999).

2

Collado-Rivera replies that there is ample proof that DEA Task Force Officers Shane Mauger and Tye Downard were engaged for a substantial period of time in a conspiracy to deprive citizens of their civil rights by, *inter alia,* falsifying reports of arrests and seizures and stealing drugs and money seized pursuant to search and arrest warrants (Reply, ECF No. 506, PageID 3095). These allegations are allegedly supported by documents obtained by an entity named the Federal Research Group Document Retrieval Team. *Id.* Those documents are as follows:

**Exhibit A** purports to be an email containing a transcription of information from the file in *United States v. Tye Downard*, Case No. 2:16-mj-97, on the docket of this Court.

**Exhibit A-1** is a copy of the opinion of the United States Court of Appeals in Collado-Rivera's first appeal in this case, *United States v. Collado-Rivera,* Case No. 17-3784 (6th Cir. Jan.7, 2019).

**Exhibit B** purports to be an email from the Federal Research Group transcribing the content of the Sentencing Memorandum of the Plaintiff in *United States v. Mauger*, Case No. 2:16-cr-91.

**Exhibit B-2** is a copy of the opinion of the United States Court of Appeals in Collado-Rivera's second appeal in this case, *United States v. Collado-Rivera,* Case No. 19-3638 (6th Cir. Oct. 8, 2020).

**Exhibit C** purports to be an email from the Federal Research Group transcribing the docket entries in *United States v. Downard,* Case No. 2:16-mj-97 and a number of news articles about Downard.

**Exhibit D** purports to be an email from Federal Research Group transcribing the Information in *United States v. Mauger*, Case No. 2:16-cr-91.

**Exhibit E** purports to be an email transcribing the docket sheet in the same case.

**Exhibit F** purports to be a transcription of several pre-trial motions filed in this case.

Notably, these documents do not include any search warrants from this case, much less any proof that the affiant(s) falsified any information.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694.  See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

Collado-Rivera has not shown he suffered ineffective assistance of trial counsel from counsel's failure to obtain a *Franks* hearing because he has not provided prima facie proof that any search warrant affidavit in this case was falsified.

5

**Claim B:  Ineffective Assistance of Trial Counsel:  Failure to Investigate**

In his second claim for relief, Defendant asserts he received ineffective assistance of trial counsel when his attorney failed to investigate the case.  The United States responds that this claim is entirely conclusory:  Collado-Rivera fails to allege what it was that his attorney would or could have uncovered by additional investigation and how that would have made a difference in this case (Response, ECF No. 500, PageID 3000-001).  Defendant replies that further investigation would have revealed the incriminatory material about Officers Downard and Mauger which is outlined above.  However, Collado-Rivera has failed to show how that information would have had any impact on the outcome of his case.

**Claims C, E, G, and I:   Prosecutorial Misconduct: Failure to Disclose Exculpatory or Impeachment Evidence**

In Claims C, E, G, and I, Petitioner alleges the government withheld evidence, in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The Government argues that Collado-Rivera provides no detail on these claims, that they are completely conclusory.  Collado-Rivera replies that if the Government had turned over its entire files on Downard and Mauger, he could have "mounted a defense."  But he does not tell us what that defense would have been.  His new evidence, obtained from the Federal Research Group, shows that Downard and Mauger engaged in criminal behavior which compromised the integrity of a number of criminal cases.  But they were not witnesses in this case.

The prosecuting government has a duty to produce exculpatory evidence in a criminal case.  If it withholds material evidence, the conviction must be reversed.  *Brady v. Maryland*, 373 U.S. 83 (1963). To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence

6

favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87). To state a *Brady* claim, a defendant must allege that: (1) the government suppressed evidence; (2) the evidence is favorable to the defendant because it is either exculpatory or impeaching; and (3) the evidence is material, i.e., the suppression of the evidence prejudiced the defendant. See *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999); *Chinn v. Warden,* 24 F.4th 1096 (6th Cir. 2022). The defendant has the burden of proving a *Brady* violation. *Id.*, citing *Strickler*. Prejudice occurs where "'there is a reasonable probability' that the result of the trial would have been different if the suppressed [evidence] had been disclosed to the defense." *Id*. at 289. In determining whether a reasonable probability exists, a court must consider the undisclosed evidence collectively. *Chinn v. Warden,* 24 F.4th 1096, 1103 (6th Cir. 2022), citing *England v. Hart*, 970 F.3d 698, 717 (6th Cir. 2020).

Collado-Rivera has not established a *Brady* violation as to any of the material referenced in these claims.

**Claim D: Prosecutorial Misconduct: Improper Influence on the Grand Jury**

In Claim D, Collado-Rivera asserts the United States Attorney improperly influenced the grand jury to indict him. The Government responds that this claim, again, is completely conclusory; it does not even allege what supposedly "tainted" evidence was presented to the grand jury. Collado-Rivera replies that the Government used information from Downard and Mauger to obtain the indictment (Reply, ECF No. 506, PageID 3100).

Collado-Rivera's Reply logically substantiates the Government's position because Collado-Rivera does not know what evidence was presented to the grand jury: the grand jury proceedings have

7

not been transcribed and remain secret. The return of an indictment by a properly constituted grand jury conclusively determines the existence of probable cause, thereby preventing a later claim that prosecutors acted without probable cause. *Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002), *citing Ex parte United States*, 287 U.S. 241, 250 (1932). "[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006).

**Claim E:  Prosecutorial Misconduct:  Presentation of Known False Evidence**

In Claim E, Collado-Rivera asserts the Government knowingly presented false evidence from Special Agent Nicholas Eichenlaub. The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the rudimentary demands of justice." *Workman v. Bell,* 178 F.3d 759, 766 (6th Cir. 1998), *quoting Giglio v. United States*, 405 U.S. 150, 153 (1972).  This rule applies to both the solicitation of false testimony and the knowing acquiescence in false testimony. *Workman v. Bell*, 178 F.3d 759, 766 (6th Cir. 1998), *citing Napue v. Illinois*, 360 U.S. 264, 269 (1959). However, to prevail on such a claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. *Wogenstahl v. Mitchell*, 668 F.3d 307, 323 (6th Cir.  2012), *citing Rosenkrantz v. Lafler*, 568 F.3d 577, 583-84 (6th Cir. 2009); *Brooks v. Tennessee*, 626 F.3d 878, 894-95 (6th Cir. 2010); *Byrd v. Collins*, 209 F.3d 486  (6th Cir. 2000), *citing United States v. Lochmondy,* 890 F.2d 817, 822 (6th Cir. 1989); *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986).  The statement must be indisputably false, rather than simply misleading. *Lochmondy*, 890 F.2d at 823; *Byrd v. Collins*,

8

209 F.3d 486, 517 (6th Cir. 2000).  Mere inconsistencies in testimony do not establish the knowing use of perjured testimony.  *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).

The Government seeks dismissal of this claim, arguing that Collado-Rivera does not identify what testimony by Agent Eichenlaub was false or how the Government knew it was false (Response, ECF No. 500, PageID 3002).  Collado-Rivera replies by pointing to his newly-discovered evidence from the Federal Research Group showing the misdeeds of Downard and Mauger which included perjuring themselves in affidavits filed in support of arrest and search warrants.  But he shows no place where those falsified affidavits were presented in this case.

**Claim F:  Ineffective Assistance of Counsel:  Failure to Call Witnesses**

In his Claim F, Collado-Rivera argues he received ineffective assistance of trial counsel when his attorney did not call certain witnesses to disclose Officer Downard's misconduct, particularly including United States Attorney Benjamin Glassman.  The Government responds that it was disclosed in the course of discovery that Downard had been present during the execution of a search warrant in this case.  In response, Collado-Rivera's attorney "requested all documentation about TFO Downard's involvement in Petitioner's case."  (Response,  ECF No. 500, PageID 3004).   The documentation, which was provided, "was minimal, as TFO Downard did not author any search warrants, perform any surveillance, or arrest or interview any of the defendants in the conspiracy. (See R.397, Transcript of Laffler Hearing Proceedings, at PAGEID 1445-46)."  *Id.* As a consequence, the Government represents "no evidence attributable to TFO Downard was ever introduced before the grand jury or at trial." *Id.*

9

Collado-Rivera replies that Task Force Officers Costanzo and Eichenlaub testified falsely about the level of Downard's involvement (Reply, ECF No. 506, PageID 3102).  He does not substantiate that claim by quoting or citing any relevant testimony.

Under *Strickland*, the choice of what witnesses to call at trial is left to the sound judgment of the trial attorney.  Collado-Rivera has not shown that it was deficient performance to fail to call any of the omitted witnesses or that the failure had any likely effect on the outcome.

**Claim G:  Ineffective Assistance of Counsel:  Failure to File Additional Objections to the Presentence Investigation Report**

In Claim G, Collado-Rivera asserts he received ineffective assistance of trial counsel when his attorney did not file additional objections to the Presentence Investigation Report.  The United States argues this claim is barred by the law of the case doctrine in that it raises an issue already decided on the second appeal (Response, ECF No. 500, PageID 3005, et seq.).

Collado-Rivera replies that the law of the case doctrine is no bar because neither his appellate attorney nor the Sixth Circuit addressed the impact of *Alleyne v. United States*. 570 U.S. 99 (2013), which held that any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury, overruling *Harris v. United States,* 536 U.S. 545 (2002)(Reply, ECF No. 506, PageID 3105.)

Collado-Rivera was sentenced to 200 months imprisonment (Judgment, ECF No. 379).  The Judgment recites that he was found guilty on Count 1 of the Superseding Indictment which charges Collado-Rivera and others with conspiring to possess with intent with intent to distribute 5 or more kilograms of a mixture or substance containing a detectable amount cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(l) and 21 U.S.C. §841(b)(l)(A)(ii) in

10

violation of 21 U.S.C. §846 (ECF No. 83).  The jury's verdict includes a specific separate finding that the amount of cocaine involved was five or more kilograms (ECF No. 273, PageID 955).  Thus the finding necessary to impose the mandatory minimum sentence was made by the jury and there was no valid *Alleyne* objection to be made, either before Judge Watson or on appeal.  Collado-Rivera's argument that the law of the case doctrine doesn't apply because *Alleyne* was not addressed is thus without merit:  there was no need to discuss *Alleyne* when there was no valid *Alleyne* issue.

The Government's Response accurately reflects the law of the case doctrine and the state of the record.  On the second appeal, the Sixth Circuit found no error in the denial of Collado-Rivera's motion to substitute new counsel because Collado-Rivera had been given an ample opportunity in the trial court to raise *pro se* any arguments for a lesser sentence that he felt were improperly omitted.  In substance, it found there were no additional objections which would have warranted a lesser sentence.  Allowing Collado-Rivera to raise these objections now would defeat the purpose of the law of the case doctrine.

**Claim K:  Ineffective Assistance of Appellate Counsel**

In Claim K, Collado-Rivera raises claims of ineffective assistance of appellate counsel which the Government characterizes as "numerous conclusory statements that appellate counsel 'failed to raise and argue a number of critical claims of error that caused Petitioner overwhelming prejudice'", which the United States Attorney cites as being made at "*Petitioner's Memorandum* at 27." (Response, ECF No. 500, PageID 3007).

In his Reply, Collado-Rivera asserts:

> Petitioner's counsel was constitutionally ineffective for failing to argue obvious meritous [sic] arguments herein on appeal. Moreover; the claims within this §2255 motion are clearly stronger than those that counsel presented on appeal.

(ECF No. 506, PageID 3106).  That is simply not an argument about why these claims are stronger; it is merely an assertion that they are.  Why, for example, is his *Napue* claim stronger than his *Miranda* claim?  He does not make the argument.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).  The *Strickland* test applies to appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).  To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*  The attorney need not advance every argument, regardless of merit, urged by the appellant.  *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986).  "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876

12

F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

The Magistrate Judge has concluded that none of Collado-Rivera's § 2255 claims has merit. *A fortiori,* they are not stronger than the claims actually made on direct appeal.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes Defendant's § 2255 Motion should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 17, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

13

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

## NOTICE REGARDING RECORD CITATIONS

The attention of both parties is respectfully called to S. D. Ohio Civ. R. 7.2(b)(3) which provides:

> (3) Record Citations. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number of the document referenced (e.g., Motion to Dismiss, ECF No. 12 at PageID 123).

As the use of the word "must" implies, compliance with this Rule is mandatory.  Failure to comply in future filings will result in having the filing stricken.