# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 2:16-cr-017
                                                           Also Case No. 2:22-cv-0151

                                                           District Judge Michael H. Watson
-  vs  -                                              Magistrate Judge Michael R. Merz

OSCAR M. COLLADO-RIVERA.,

        Defendants.         :

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This is a proceeding under 28 U.S.C. § 2255, brought *pro se* by Defendant Oscar M. Collado-Rivera, to obtain relief from his conviction in this Court on one count of conspiracy to possess with intent to distribute cocaine. After the case was transferred to the undersigned, he filed a Report and Recommendation recommending the Motion to Vacate be denied ("Report," ECF No. 507).

Defendant filed two sets of Objections. The first was received and docketed on June 6, 2022 (ECF No. 508). It purports to have been prepared by a paralegal and is prepared in alternating typescript and hand lettering. The text is twenty-one pages long and purports to have Defendant's signature. The envelope in which it was received bears certified mail number 7020 3160 and was addressed to the undersigned at the Walter Rice Courthouse in Dayton.

1

The second set was received and docketed on June 7, 2022 (ECF No. 509). It also purports to have been prepared by a paralegal and is prepared in alternating typescript and hand lettering, albeit in a very different hand from ECF No. 508. The text is seventeen pages long and also purports to have Defendant's signature. It was also sent by certified mail with the receipt number being 7020 3160 0000 2078 5197, addressed to the Clerk's Office in Columbus, Ohio.

Although both sets of Objections were signed and served on May 30, 2022, and are thus within the time limit prescribed in Fed.R.Civ.P. 72(b), the Rule does not allow a litigant to file two sets of objections. The Magistrate Judge's analysis on recommittal will be limited to the first set received and docketed (ECF No. 508).

District Judge Watson has recommitted the case for reconsideration (ECF No. 510).

Fed.R.Civ.P. 72 requires that objections to a Magistrate Judge's report and recommendations be specific. The failure to file specific objections is a waiver of right to raise issues on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981);

> Under the *Walters* rule, only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

*Henson v. Warden,* 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991). Despite this requirement of specificity, Collado-Rivers'a first objection

is "The magistrate judge's report and recommendation fails to follow the binding precedent [sic] of the Sixth Circuit and the United States Supreme Court precedent set forth." (ECF No. 508, PageID 3206). No case authority is cited.

The next objection is

> to the portions of the magistrate judge's report, and recommendation on pg. 2/ line 1, 2f[1] where the magistrate judge stated that although defendant did file an amended motion, it appears from examination that the Government responded instead to the original motion or some other filing by defendant. It is worth noting that the government did not respond to petitioner's amended motions Docket#490; Petitioner's forthcoming motion to amend Docket #494 and #496.

(ECF No. 508, PageID 3206-07). Collado-Rivera does nothing to explain why the referenced language is objectionable. As explained, while the Government did not respond directly to ECF No. 494, it appeared to be responding to the actual claims Defendant was making. The Report found that to be the fact at PageID 3191 and in his Traverse Collado-Rivera arranged his argument to respond to the lettered claims as the Government had arranged them. He accepts the same

---

[1] Having struggled with Defendant's record references in prior filings, the undersigned reminded the parties at the close of the Report:
>
> NOTICE REGARDING RECORD CITATIONS
>
> The attention of both parties is respectfully called to S. D. Ohio Civ. R. 7.2(b)(3) which provides:
>
> (3) Record Citations. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number of the document referenced (e.g., Motion to Dismiss, ECF No. 12 at PageID 123).
>
> As the use of the word "must" implies, compliance with this Rule is mandatory. Failure to comply in future filings will result in having the filing stricken.
>
> Despite Defendant's having failed to comply with this rule in his Objections, the Magistrate Judge recommends deciding them on the merits.

3

structure of argument in his Objections. Nothing in the Rules Governing § 2254 Proceedings or the Federal Rules of Civil Procedure requires a judge to deal with arguments in a particular order.

Defendant's next objection is:

> Petitioner further objects to the magistrate judge['s] not addressing the relevant evidence in the record present before the magistrate judge. Also see Docket entry below. Docket #488 01/13/2022 motion to vacate under 28 U. S.C. 2255 by Oscar M. Collado-Rivera (Attachments #1 Memorandum in Support/ #2 Envelope)(or) civil case 2:22-CV-00951-MHW opended [sic] (Entered: 01/17/2022.

(ECF No. 508, PageID 3207).

As just explained, the Report is structured around Defendant's claims which are addressed in the order in which they are argued, as compared with discussing evidence in the order in which Defendant presented it.

For example, Claim A is that Collado-Rivera's trial attorney, Keith Yeazel, provided ineffective assistance of trial counsel by not moving for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). The Report did review each piece of evidence on which Collado-Rivera relied for this claim (ECF No. 507, PageID 3192). The Report concluded that the Government was correct that Defendant had not made a prima facie showing that the search warrants in this case were falsified. Defendant wants to make the logical leap from the undoubted corruption of DEA Task Force Officers Shane Mauger and Tye Downard to the conclusion that they must have corrupted this investigation[2]. Attorney Yeazel thoroughly explored the extent to which that might have been true. Collado-Rivera has not produced **any** evidence that a *Franks* hearing would have

---

[2] "DEA Task Officers DEA Task Force Officers Shane Mauger and Tye Downard were engaged for a substantial period of time in a conspiracy to deprive citizens of tir civil rights by, *inter alia,* falsifying reports of arrests and seizures and stealing drugs and money seized pursuant to search and arrest warrants (Reply, ECF No. 506, PageID 3095)"

4

produced something more. Defendant **asserts** that further investigation would have produced verdict-affecting evidence, but assertion is not proof.

The next example of over-generalized objections is "Evidence exists that the magistrate judge's report and recommendation fails to follow the binding precedent of the Sixth Circuit and the United States Supreme Court precedent." (ECF No. 508, PageID 3209). What evidence? What binding precedent?

Collado-Rivera next complains "In addition, the magistrate judge's report and recommendation the magistrate never mentions anything about that petitioner is not entitled to an evidentiary hearing." *Id.* In his original Motion to Vacate, Collado-Rivera asserted in very general terms that an evidentiary hearing was warranted in the case (ECF No. 488-1, PageID 2648). That argument is not repeated in the Amended Motion. Nor did Collado-Rivera ever make a separate motion for evidentiary hearing. Rule 8 of the Rules Governing § 2255 Proceedings does not provide an evidentiary hearing as a matter of course or right. Having reviewed the record before writing the Report, the Magistrate Judge did not find any conflict in the relevant testimony that required a hearing to determine credibility nor does Collado-Rivera point to any such conflict now.

**Argument A, Objection 1**

Having completed a six-page typescript portion of his Objections, Collado-Rivera starts over in a hand-lettered section on PageID 3210 labeled Argument A, Objection1. In objection to the Magistrate Judge's finding he had not provided prima facie proof of falsification in the search warrants in this case, Collado-Rivera adverts to exhibits in the federal criminal case against DEA TFO/Reynoldsburg Police Officers Downard and Mauger and other exhibits discovered for him

5

by the Federal Research Group.  Whatever else they prove, they do not prove Downard or Mauger lied to procure search warrants **in this case**.

**Argument B**

Here again Collado-Rivera conflates making an allegation (e.g. that the documents now discovered by the Federal Research Group would have changed the verdict) with offering proof of that allegation.

**Arguments C, E, G, and I:    Prosecutorial Misconduct – Failing to Disclose Exculpatory Evidence**

Upon reaching this portion of the Objections, the reader finds familiar language:  The Magistrate Judge is alleged to have failed to follow binding precedent (ECF No. 508, PageID 3213, et seq.)  What precedent?

The Report found Collado-Rivera had not shown how the withheld information he claims is exculpatory would have enabled him "to mount a defense."  He objects that he had said in his Traverse or other pre-Report filings that Mauger could have been called as a witness at trial to admit to the conspiracy he and Downard had engaged in (ECF No. 3214).  He claims the Magistrate Judge never responded to that argument.

On the contrary, the Report, in response to these claims, notes that Mauger and Downard were not called as witnesses in this case (Report, ECF No. 507, PageID 3195).  By the time of trial, Mauger had already pleaded guilty before Chief Judge Marbley to charges arising out of his conspiracy with Downard and would not have had Fifth Amendment immunity at least as to the

6

facts underlying that charge. Downard was dead by the time of trial, having committed suicide in jail shortly after his arrest. But what would Mauger have testified to that would have exonerated Collado-Rivera? Franklin County Prosecutor Ronald O'Brien commented publicly that the Downard-Mauger conspiracy would have tainted some investigations and would result in some overturned convictions. But Collado-Rivera has not linked those facts to his case. If Attorney Yeazel had called Mauger to the stand and begun to ask questions beyond the scope of Mauger's involvement in this case – questions with Downard in general – the trial judge would have been required to exclude them as irrelevant. *Brady* does not require disclosure of incriminating evidence about the organizations with which witnesses are associated unless shown to be relevant to the case in trial.

**Argument D: Prosecutorial Misconduct: Improper Influence on the Grand Jury**

In his Claim D, Collado-Rivera asserted the prosecutor committed misconduct by submitting "tainted" evidence to the grand jury to obtain Defendant's indictment. The Report rejected that argument because Collado-Rivera did not know what testimony had been given to the grand jury – the testimony has not been transcribed or released from the usual seal on grand jury proceedings.

Collado-Rivera objects that he has shown evidence produced by Downard and Mauger was used to indict. (ECF No. 507 citing ECF No. 506, PageID 3100). The only document cited at PageID 3100 is the Government's sentencing memorandum in Mauger's case. Collardo-Rivera has not shown (1) what in that sentencing memorandum relates to him (2) what in the memorandum was false.

7

Petitioner also quotes from the trial testimony of Agent Eichenlaub on the involvement of Downard in the investigation of Collado-Rivera (ECF No. 508, PageID 3216). Again we are offered a leap of logic. To infer from Eichenlaub's trial testimony proof of the claim here we would need proof that has not been offered that Downard testified before the grand jury, that what he said to them was false, and that the prosecutor knew that.

**Claim E:  Prosecutorial Misconduct:  Presentation of Known False Evidence**

In Claim E, Collado-Rivera seeks relief on the basis that the prosecutor knowingly presented false testimony by Agent Eichenlaub. The Report concluded:

> to prevail on such a claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. *Wogenstahl v. Mitchell*, 668 F.3d 307, 323 (6th Cir. 2012), citing *Rosenkrantz v. Lafler,* 568 F.3d 577, 583-84 (6th Cir. 2009); *Brooks v. Tennessee*, 626 F.3d 878, 894-95 (6th Cir. 2010); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), citing *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989); *United States v. O'Dell,* 805 F.2d 637, 641 (6th Cir. 1986). The statement must be indisputably false, rather than simply misleading. *Lochmondy*, 890 F.2d at 823; *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000). Mere inconsistencies in testimony do not establish the knowing use of perjured testimony. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).

Report, ECF No. 507, PageID 3197-98.

Defendant objects that he did in fact identify the Eichenlaub testimony that was false and how the Government knew it was false and that testimony by Tom Costanzo is also knowingly false (Objections, ECF No. 507, PageID 3217-18, citing ECF No. 490, "P 69-27 or perhaps P6 9-27 and "even more compelling P6 25, 26, 27." The form of this record reference does not follow the mandated form of record reference of which the Magistrate Judge reminded the parties in the

8

Report. "P.6" of ECF No. 490 is PageID 2659 and should have been cited in that way. As for the substance, neither Agent Eichenlaub nor Agent Costanzo is even mentioned on that page. Much less is there any showing of what they testified to where, that the testimony was false, or that the prosecutor knew it was false.

**Argument F: Ineffective Assistance Of Trial Counsel: Failure to Call Witnesses**

In his Sixth Claim for Relief, Collado-Rivera claims he received ineffective assistance of trial counsel when Attorney Yeazel did not all United States Attorney Ben Glassman to the stand to disclose the full extent of the Downard-Mauger conspiracy. The Report concluded

> Under *Strickland [v. Washington]* the choice of what witnesses to call at trial is left to the sound judgment of the trial attorney. Collado-Rivera has not shown that it was deficient performance to fail to call any of the omitted witnesses or that the failure had any likely effect on the outcome., the choice of what witnesses to call at trial is left to the sound judgment of the trial attorney. Collado-Rivera has not shown that it was deficient performance to fail to call any of the omitted witnesses or that the failure had any likely effect on the outcome.

(ECF No. 507, PageID 3199.) Collado-Rivera's objection is that he has cited either five or eleven other witnesses who could also substantiate the Downard and Mauger were engaged in a long-term conspiracy to do the corrupt things they did, in addition to Ben Glassman. The objection is not meritorious because it does not show what impact it would have had on this case. Such testimony by itself would have been irrelevant unless it could be shown that their corruption directly impacted this case.

Even assuming Collado-Rivera could have won the battle which would surely have ensued if he attempted to subpoena Glassman, it belies any sense of trial strategy to think it would be helpful to call as a witness the chief attorney on the other side.

**Argument G:  Ineffective Assistance Of Trial Counsel For Failure To File an *Alleyne* Objection to the Presentence Investigation Report**

In his Seventh Ground for Relief, Collado-Rivera claims he received ineffective assistance of trial counsel when Attorney Yeazel did not file an objection under *Alleyne v. United States*. 570 U.S. 99 (2013).  The Government asserted and the Report agreed that this claim was barred by the law of the case doctrine in that it had already been decided that *Alleyne* did not apply.  The Report also noted there was a specific jury finding on the amount of cocaine involved.

Although Collado-Rivera objects, his objection is purely conclusory.  The Magistrate Judge continues to believe the law of the case doctrine applies to bar this claim.

**Argument K:  Ineffective Assistance Of Appellate Counsel**

In his Argument K, Collado-Rivera claims he received ineffective assistance of appellate counsel:

> Petitioner's counsel was constitutionally ineffective for failing to argue obvious meritous [sic] arguments herein on appeal. Moreover; the claims within this §2255 motion are clearly stronger than those that counsel presented on appeal.

(ECF No. 506, PageID 3106).  The Report rejected this claim, concluding "That is simply not an argument about why these claims are stronger; it is merely an assertion that they are. Why, for

10

example, is his *Napue* claim stronger than his *Miranda* claim? He does not make the argument." (Report, ECF No. 507, PageID 3201).

In his Objections, Collado-Rivera does no more than repeat the conclusory claims made previously. He again asserts that there are "certain critical claims of errors" which are obviously "meritorious." He again does not state what those errors are or argue as to why they are stronger than the arguments actually made. In other word the Objections do no more than repeat the conclusory claims made in the Traverse. The Magistrate Judge stands on his prior analysis. This claim is without merit.

**Conclusion**

Having reconsidered the case in light to the Objections, the Magistrate Judge remains persuaded that Collado-Rivera's Motion and Objections are without merit. Accordingly, it is again respectfully recommended that the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

IT IS SO ORDERED.

June 13, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge