UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Oscar M. Collado-Rivera,

    Movant,

v.

United States of America

    Respondent.

Case No. 2:16-cr-17(3)

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

Oscar M. Collado-Rivera ("Movant") moves to vacate his sentence pursuant to 28 U.S.C. § 2255. Mot., ECF Nos. 488 & 494. Movant now objects to aspects of the two Reports and Recommendations ("R&Rs") issued by the Magistrate Judge. Obj., ECF Nos. 508, 509, 512. For the following reasons, the Court **OVERRULES** Movant's objections and **ADOPTS** both R&Rs.

### I. BACKGROUND

On November 16, 2016, a federal jury found Movant guilty of one count of conspiracy with intent to distribute cocaine. ECF No. 273. A few days after the jury returned the verdict, the Court denied Movant's motion for acquittal under Federal Rule of Criminal Procedure 29. ECF No. 276. Subsequently, the Court sentenced Movant to a term of 200 months' imprisonment, 5 years of supervised release, and a $100 special assessment. ECF No. 379. Movant timely appealed, ECF No. 381, and the United States Court of Appeals vacated the

Court's denial of Movant's counsel's post-trial motion to substitute counsel, remanded for consideration of whether there was good cause to allow substitution, and affirmed in all other respects. ECF No. 445. The Court held a hearing on the motion to withdraw and determined that, at the time of the motion, there was not good cause for allowing substitution. ECF No. 455. Movant again timely appealed, ECF Nos. 456 & 458, and the Sixth Circuit affirmed. ECF No. 472. Movant now moves to vacate under 28 U.S.C. § 2255. ECF No. 488 & 494.

## II. REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Merz issued an R&R on Movant's motion. R&R, ECF No. 507. The R&R recommends denying the motion as to all claims. *Id*. Movant timely objected to various portions of the R&R, ECF Nos. 508 & 509, and the Court recommitted the matter to the Magistrate Judge for further consideration, ECF No. 510. The Magistrate Judge then issued a Supplemental R&R, which still recommended denying the motion to vacate in its entirety. Supp. R&R, ECF No. 511. Movant has timely objected to the Supplemental R&R. ECF No. 512.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

## IV. ANALYSIS

There are a few preliminary matters to address. First, the Court will use the naming and numbering of Movant's claims from his first motion. In Movant's original motion to vacate, Movant asserts the following claims: (A) ineffective assistance of counsel for failing to request a *Franks* hearing; (B) ineffective assistance of counsel for failing to investigate; (C) *Brady* violations; (D) the Government improperly "influenced the grand jury's decision to indict"; (E) the Government withheld "favorable evidence from the defense"; (F) a witness for the Government provided false testimony, the prosecutor knew it was false, yet failed to correct it; (G) the Government withheld "favorable evidence from the defense"; (H) ineffective assistance of counsel for failing to interview and call witnesses; (I) the prosecutor withheld "favorable evidence from the defense"; (J) ineffective assistance of counsel for failing to file additional objections to the pre-sentence investigation report; (K) ineffective assistance of appellate counsel for failing to argue the above issues on appeal; (L) a request for an evidentiary hearing. Mot., ECF No. 488.

With the Court's leave, Movant subsequently filed an amended motion to vacate. ECF No. 494. Therein, Movant asserts many of the same claims and arguments about ineffective assistance of counsel and prosecutorial misconduct as in his original motion. *Id.* However, as pointed out in the R&R, both the Government's response and Movant's reply use the numbering and wording of the claims as they were styled in the original motion. *See* Resp., ECF No. 500;

Reply, ECF No. 506. Although the Court considers both motions in their entirety, the Court will generally refer to the claims as they were titled in the original motion.

Next, Movant requests an evidentiary hearing. "If a factual dispute arises in a § 2255 proceeding, the district court must hold an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Griffin v. United States of America*, No. 20-4070, 2022 WL 16556632, at *2 (6th Cir. Oct. 27, 2022) (cleaned up). Here, there is no need for an evidentiary hearing because the motion and record conclusively establish that Movant is not entitled to relief.

Finally, Movant makes a few objections to the Supplemental R&R's characterization of Movant's prior objections. *See* Obj. 2–8, ECF No. 512. Essentially, these objections argue that the Supplemental R&R is wrong about Movant's prior objections because his underlying claims are meritorious. *Id*. Because these objections overlap with the objections on the merits, the Court does not address them separately.

Turning now to the merits of Movant's claims, the claims can be grouped into two categories: ineffective assistance of counsel and prosecutorial misconduct. The Court first considers the ineffective assistance of counsel claims.

## A. Ineffective Assistance of Counsel Claims

The governing standard for ineffective assistance of counsel is found in Strickland v. Washington, 466 U.S. 668 (1984), and requires proof of deficient performance and prejudice. Berghuis v. Thompkins, 560 U.S. 370, 389 (2010) (citation omitted); see also Griffin, 2022 WL 16556632, at *2 (using the Strickland framework when evaluating a § 2255 motion).

With respect to the first prong of the Strickland test, a movant must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. For courts examining this prong, the Supreme Court of the United States has instructed as follows:

> Judicial scrutiny of counsel's performance must be highly deferential . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. at 689 (internal quotation marks and citations omitted).

The prejudice prong of Strickland requires proof that, but for counsel's deficient performance, there is a reasonable probability that "the result of the proceeding would have been different." Id. at 694.

### 1. Failure to Request a *Franks* Hearing

In Claim One, Movant asserts that his trial counsel was ineffective for failing to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

A counsel's failure to request a *Franks* hearing may be the basis for an ineffective assistance of counsel claim, but only if the movant would have been entitled to a *Franks* hearing. *Robinson v. United States*, No. 3:06-CR-094-RLJ-CCS, 2014 WL 4802903, at *7 (E.D. Tenn. Sept. 26, 2014) (citing cases). A defendant is entitled to a *Franks* hearing if he (1) "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of probable cause." *United States v. Green*, 572 F. App'x 438, 441 (6th Cir. 2014) (explaining the standard on a direct appeal); see also *Robinson*, 2014 WL 4802903 at *2–5 (applying the same framework to a § 2255 motion). Further, to be entitled to a *Franks* hearing, a defendant must "point to *specific* false statements and then accompany his allegations with an offer of proof." *Green*, 572 F. App'x at 441 (emphasis in original) (internal quotation marks and citations omitted).

Here, Movant argues that an officer who worked on his case,[1] Mr. Downard, and another officer who did not work on his case, Mr. Mauger, were later convicted of federal crimes based on their conduct of, *inter alia*, knowingly submitting warrants with false information to judges in support of warrants. Mot. 6–7, ECF No. 488-1.

Although it is true that these two officers were arrested because of their unlawful conduct during the performance of their official duties on *other* cases, see Case Nos. 2:16-mj-97; 2:16-cr-91, Movant offers no argument (let alone proof) that the officers committed any misconduct in *this* case. That is, Movant merely argues that because Mr. Mauger and Mr. Downard allegedly lied on other affidavits, they must have lied on *this* affidavit. This argument falls far short of the requirement to point to *specific* false statements and, as a result, Movant has not shown he would have been entitled to a *Franks* hearing.

Because Movant has not shown he would have been entitled to a *Franks* hearing, he likewise does not show that his counsel was ineffective for not requesting such a hearing. Accordingly, Movant's objections related to this claim are **OVERRULED**.

---

[1] It is somewhat unclear whether Movant argues that both Mr. Mauger and Mr. Downard worked on his case, or whether he argues that Mr. Downard worked on his case and that Mr. Mauger knew about that involvement. In any event, it is clear that Movant believes that he did not receive adequate information about either Mr. Mauger or Mr. Downard and that this lack of information prejudiced him. The Court has tried to note where Movant complains of one or both of Mr. Mauger and Mr. Downard but, where it is unclear, the Court refers to both.

### 2. Failure to investigate

Movant argues that his counsel failed to properly investigate his case and that a proper investigation would have revealed Mr. Downard's role in Movant's case. Although Movant does not expressly so say, presumably his argument is that if his counsel had discovered Mr. Downard's role in the investigation, counsel would have moved for a *Franks* hearing, would have prevailed in said hearing, and the evidence suppressed as a result would have changed the outcome of Movant's case.

This argument fails because he cannot show he suffered any prejudice from counsel's allegedly faulty investigation. Movant does not argue that a proper investigation would have revealed any *misconduct* in this case, only that an investigation would have revealed Mr. Downard's *involvement* in the case. As just discussed, Mr. Downard's mere involvement in the case would not have entitled Movant to a *Franks* hearing. Because Movant argues only that a proper investigation would have revealed Mr. Downard's involvement, he has not met the prejudice prong of the *Strickland* test.

On the other hand, if Movant is arguing that his counsel failed to properly investigate Mr. Downard and/or Mr. Mauger and, as a result, failed to call them or other witnesses who could testify at trial about their illegal conduct in other cases, that argument also fails. Evidence about the facts of Mr. Mauger's and Mr. Downard's illegal actions in other cases would likely have been inadmissible as irrelevant and possibly hearsay. Moreover, as the Government called neither

Mr. Mauger nor Mr. Downard as witnesses at Movant's trial, information about their illegal conduct would not have had any impeachment value.[2] *See* Fed. R. Evid. 608; Fed. R. Evid. 609 (providing that impeachment material must relate to a specific witness). In any event, Movant offers only conclusory statements about how such evidence, even if admitted, would have had any impact on the outcome of the trial.

Therefore, the failure-to-investigate claim fails, and Movant's objections related to this claim are **OVERRULED**.

### 3. Failure to Interview or Call Witnesses

Movant next argues that his trial counsel was ineffective for failing to call certain witnesses besides Mr. Mauger and Mr. Downard who could testify about Mr. Mauger's and Mr. Downard's involvement in the case. Once again, to the extent Movant argues that his counsel should have called these witnesses to support a request for a *Franks* hearing, that argument fails for the same reasons explained above: Mr. Mauger's and Mr. Downard's mere involvement in the case does not entitle Movant to a *Franks* hearing. Similarly, if Movant is arguing that his counsel should have called these witnesses at trial, that argument also fails for the reasons just explained.

---

[2] To the extent Movant argues his *own* counsel should have called Mr. Mauger or Mr. Downard as witnesses simply to impeach them with evidence of their misconduct in other cases, any attempt to do so would likely have been denied due to the irrelevance of the testimony.

In short, Movant has not established that his counsel's decision not to call Movant's proposed witnesses caused Movant any prejudice. Accordingly, this claim is without merit, and any objections related to it are **OVERRULED**.

### 4. Failure to Make Additional Objections to the Pre-Sentence Investigation Report

Next, Movant argues that his counsel was ineffective because counsel failed to object to the Pre-Sentence Investigation Report ("PSR") under *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum . . . must be submitted to the jury." *Id*. at 103. Movant argues that his rights under *Alleyne* were violated because, although the jury found he was responsible for a certain amount of cocaine, the PSR attributed a higher amount of cocaine to him and, as a result, he received a harsher sentence.

Movant's argument is unpersuasive. *Alleyne* does not stand for the proposition that any fact that results in a *harsher sentence* must be found by the jury; instead, only those facts which increase the *mandatory minimum* must be found by the jury. *Alleyne*, 570 U.S. at 112–15. Here, the jury specifically found that at least 5 kilograms of cocaine were involved. Jury Verdict, ECF No. 273. That finding triggered the ten-year mandatory minimum in 21 U.S.C. § 841(b)(1)(A). So, the jury found the fact that increased the mandatory minimum, as required by *Alleyne*.

Because there was no basis to make an *Alleyne* objection to the PSR, Movant's counsel's decision not to make such an objection is not a constitutional violation. *See Corral v. United States*, 562 F. App'x 399, 404 (6th Cir. 2014) (instructing that an attorney's "failure" to raise a frivolous claim "fails both prongs of the *Strickland* test" (citation omitted)). Accordingly, Movant's objections related to this claim are **OVERRULED**.

### 5. Ineffective Assistance of Appellate Counsel

Claims of ineffective assistance of appellate counsel are considered under the same *Strickland* framework as claims of ineffective assistance of trial counsel. *See Watson v. United States*, No. 21-2728, 2022 WL 1010051, at *2 (6th Cir. Feb. 23, 2022) (explaining in a § 2255 case that, to prevail on a claim of ineffective assistance of appellate counsel, a movant must first "show that counsel's performance was so deficient that it 'fell below an objective standard of reasonableness'" and second that "the deficient performance resulted in prejudice to the defense, such that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (quoting *Strickland*, 466 U.S. at 688, 694)).

Movant argues that his appellate counsel was ineffective for failing to raise on direct appeal the arguments Movant makes in his § 2255 motion. As discussed in this Order, all of the issues Movant raises are without merit. Because these issues are meritless, it was not a constitutional error for his appellate counsel to not raise them on direct appeal. *See Krese v. United*

States, 53 F.3d 331, 1995 WL 264436, at *2 (6th Cir. 1995) (Table) ("[N]either trial nor appellate counsel is required to raise frivolous arguments or defenses." (citation omitted)).

Further, in support of the prejudice prong, Movant offers only conclusory statements that, if his appellate counsel had raised these issues, the outcome on appeal would have been different. Mot. 26–27, ECF No. 488-1. Such conclusory statements are "insufficient to establish any deficiency in his representation, or any reasonable likelihood of prejudice in the proceedings." *Sinkfield v. United States*, No. 1:16 CR 146, 2020 WL 3547735, at *5 (N.D. Ohio June 30, 2020) (denying a § 2255 motion as to ineffective assistance of appellate counsel where the movant did not explain how counsel's failure to raise certain issues affected the outcome of the appeal).

In short, Movant has not shown any constitutional violations from his appellate counsel's representation, and Movant's objections related to this claim are **OVERRULED**.

### B. Prosecutorial Misconduct Claims

Movant also raises claims of prosecutorial misconduct, which the Court now considers.

#### 1. *Brady* Violations and Other Claims of Withholding "Favorable Evidence"

Movant asserts several claims of prosecutorial misconduct alleging that the Government failed to turn over exculpatory evidence and impeachment material.

See, e.g., Amend. Mot. 6–17, ECF No. 494; Mot. 10, 12–14, 17, 21–23, ECF No. 488-1 ("Arguments" C, E, G, and I). The Court construes these claims as arguments that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. This disclosure obligation includes evidence "that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154–55 (1972)). "Evidence qualifies as material when there is 'any reasonable likelihood' it could have 'affected the judgment of the jury.'" *Wearry v. Cain*, 577 U.S. 385, 392 (2016) (quoting *Giglio*, 405 U.S. at 154)). In short, to prevail on a *Brady/Giglio* claim, a movant must show that the evidence at issue "was exculpatory or impeaching, that the prosecution suppressed it, and that prejudice ensued." *Gabrion v. United States*, 43 F.4th 569, 582 (6th Cir. 2022) (internal citation omitted).

Movant argues the Government violated his constitutional rights by failing to disclose "impeachment information" about Mr. Downard's and Mr. Mauger's criminal conduct in other cases, evidence from the investigations into Mr. Downard and Mr. Mauger, and the facts of Mr. Downard's involvement in Movant's case. *See, e.g.*, Amend. Mot. 9, 11, 14, 17, ECF No. 494. According

to Movant, if the Government had produced this "impeachment material," Movant could have "mounted a defense", and the "results of the proceeding would have been different." *Id.* at 9, 11.

This argument is unpersuasive. As a preliminary matter, it seems that the Government *did* produce discovery about Mr. Downard's involvement in the case, as Movant himself said in his *Lafler* hearing. *See, e.g.*, Tr. *Lafler* Hearing 9:17–11:22 (voicing Movant's concerns about Mr. Downard that he learned about *through discovery*). Additionally, Movant does not allege, let alone provide proof, that either Mr. Downard or Mr. Mauger committed misconduct in Movant's case or that the Government knew of the same and failed to produce the evidence to Movant. Further, as explained above, neither Mr. Mauger nor Mr. Downard testified at trial and, therefore, information about their crimes in other cases could not be used to impeach them; moreover, it is unlikely such evidence would have been otherwise admissible given the lack of evidence of misconduct in Movant's case. Therefore, even if the Government had turned over whatever additional information Movant claims was withheld, Movant has not shown how such information would have affected the jury's deliberations because it likely would not have been presented to the jury.

In sum, none of the *Brady/Giglio* arguments have merit and, therefore, any objections related to these arguments are **OVERRULED**.

### 2. Improperly Influencing the Grand Jury

Movant argues that the Government improperly presented "tainted evidence and misrepresentation[s]" to the Grand Jury. Mot. 11, ECF No. 488-1. Although not specifically so argued, it seems Movant contends that, because of prosecutorial misconduct before the grand jury, the Court should have dismissed his indictment.

The Sixth Circuit has explained that "[u]nder limited circumstances, a court may dismiss an indictment for such prosecutorial misconduct before the grand jury on the basis of Fifth Amendment due process or the court's inherent supervisory powers." *United States v. Talbot*, 825 F.2d 991, 998, n. 5 (6th Cir. 1987) (citing cases). A district court may not dismiss an indictment unless the defendant demonstrates that "prosecutorial misconduct is a longstanding or common abuse in the district and that [the defendant] has been prejudiced by the abusive actions." *Id.* (citing cases).

Movant's arguments are unavailing. First, Movant's argument that "tainted evidence and misrepresentation[s]" were presented to the grand jury is mere speculation. To date, the grand jury proceedings in this case have been kept secret. Thus, Movant has no way of knowing what evidence was presented to the grand jury and, as a result, cannot show that any misconduct occurred on that basis.

Further, even assuming Movant has some way of knowing what happened before the grand jury, he offers only more conclusory statements that the

Government presented "tainted evidence" and that such presentation creates "'grave doubt' that the decision to indict was free from the substantial influence of such violations." Mot. 11, ECF No. 488-1. These conclusory statements fail far short of Movant's burden to show "long standing" or "common" problems of prosecutorial misconduct in grand jury proceedings. *Talbot*, 825 F.2d at 998, n. 5. Likewise, the conclusory statements do not establish how Movant was prejudiced by any alleged misconduct. Accordingly, Movant's arguments about the Government's conduct before the grand jury are unpersuasive, and any objections related to the same are **OVERRULED**.

### 3. False Testimony

Movant argues the Government failed to correct false testimony, which the Court construes as a claim under *Napue v. Illinois*, 360 U.S. 264 (1959). "The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Melville v. United States*, 457 F. App'x 522, 528 (6th Cir. 2012) (internal quotation marks and citations omitted). To prevail on a *Napue* claim, a movant must show: "(1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *Id.* (internal quotation marks and citations omitted).

In support of this claim, Movant again recites some relevant law and provides the following conclusory statement: "the prosecutor presented Agent Eichenlaub as a witness for the Government who testified falsely. The

prosecution knew that the testimony was false and failed to correct it." Mot. 15, ECF No. 488-1. Movant does not identify which of Agent Eichenlaub's statements were false. Without identifying which statements were allegedly false, Movant cannot show these statements were actually false, material, or that the Government knew of the falsity. Accordingly, Movant's claim about allegedly false testimony is without merit, and any objections related to it are **OVERRULED**.

## V.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court must consider whether to issue a Certificate of Appealability. A federal prisoner who moves to vacate under § 2255 does not have an automatic right to appeal a district court's adverse decision unless the court issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B). The district court makes the first determination as to whether to issue a Certificate of Appealability in appeals of § 2254 or § 2255 petitions. *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997).

When a claim has been denied on the merits—as in this case—a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). As reasonable jurists would not disagree with the Court's analysis of Movant's claims, Movant is **DENIED** a Certificate of Appealability.

Moreover, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion and Order would be objectively frivolous and therefore would not be taken in good faith.

## VI. CONCLUSION

For these reasons, Movant's objections, ECF Nos. 508, 509, and 512, are **OVERRULED**. Both R&Rs, ECF Nos. 507 and 511, are **ADOPTED**. The motion to vacate and amended motion to vacate, ECF Nos. 488 and 494, are **DENIED**.

The Clerk is **DIRECTED** to terminate ECF Nos. 494, 507, and 511, and to terminate Case No. 22-cv-151.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**